43  441
44  400

43  441
f59  454

GERMAN-AMERICAN INSURANCE COMPANY OF NEW YORK V. JOSEPH S. HART.

FILED JANUARY 5, 1895.   NO. 5830.

1. **Pleading**: AMENDMENT: REVIEW.   Unless it is affirmatively made to appear what particular amendment of a pleading was allowed, no question is presented for review as to the proper exercise of its discretion by the district court.

2. **Insurance**: MISREPRESENTATIONS BY APPLICANT: WAIVER. Where representations of the extent to which incumbrances existed on property sought to be insured were made, which unintentionally were incorrect, but were so known to be by the insurance company's agent, who nevertheless issued the policy of insurance as requested, and therefor received the premium,

which, with said representations, he forwarded to his principal, by whom the premium was retained and the policy allowed to remain in force, the jury were properly instructed, in effect, that by retaining the premium and not canceling the policy before loss was sustained for nearly four months after issue of the policy, the company was bound as an insurer, provided the existence of the above facts was shown by the evidence.

3. ————: ————: EVIDENCE. Actual representations as to the existence of safeguards against fire which were made to the agent of the insurer may be proved by parol evidence, notwithstanding the fact that such representations, incorrectly reduced to writing by such agent, were attested as true by the signature of the insured, even though by the terms of the policy issued it is provided that such representations shall be deemed a warranty, and as such a part of the policy itself.

ERROR from the district court of Franklin county. Tried below before GASLIN, J.

See opinion for statement of the case.

*Jacob Fawcett*, for plaintiff in error:

Statements of the agent at the time of effecting the insurance are not admissible, after the contract has been reduced to writing and delivered by the company and accepted by the assured, to change or vary the terms of the policy. Parol evidence is never admissible to vary the terms of a written instrument. (*Wilkins v. State Ins. Co. of Des Moines*, 45 N. W. Rep. [Minn.], 1; *Western Assurance Co. v. Rector*, 3 S. W. Rep. [Ky.], 415; *McNierney v. Agricultural Ins. Co.*, 48 Hun [N.Y.], 244; *Franklin Fire Ins. Co. v. Martin*, 8 Ins. L. J. [N. J.], 134; *Smith v. Cash Mutual Fire Ins. Co.*, 24 Pa. St., 324; *Loehner v. Home Mutual Ins. Co.*, 17 Mo., 248; *Hartford Fire Ins. Co. v. Webster*, 69 Ill., 392; *Dewees v. Manhattan Ins. Co.*, 6 Vroom [N. J.], 366; *Winnesheik Ins. Co. v. Holzgrafe*, 53 Ill., 517; *Walker v. State Ins. Co.*, 26 Pac. Rep. [Kan.], 718; *Herbst v. Lowe*, 65 Wis., 316; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136; *Glendale Mfg. Co. v. Pro-*

*tection Ins. Co.*, 21 Conn., 37 ; *Sheldon v. Hartford Fire Ins. Co.*, 22 Conn., 235; *Barrett v. Union Mutual Fire Ins. Co.*, 7 Cush. [Mass.], 180; *Union Mutual Life Ins. Co. v. Mowey*, 96 U. S., 544; *Chase v. Hamilton Ins. Co.*, 20 N. Y., 54.)

The following cases are cited upon the question of warranty : *Brooks v. Standard Fire Ins. Co.*, 11 Mo. App., 349 ; *Loehner v. Home Mutual Ins. Co.*, 17 Mo., 248; *Mers v. Franklin Ins. Co.*, 68 Mo., 131; *Glendale Mfg. Co. v. Protection Ins. Co.*, 21 Conn., 37 ; *First Nat. Bank v. Ins. Co. of North America*, 50 N. Y., 45 ; *Witherell v. Maine Ins. Co.*, 49 Me., 200; *Johnson v. Dakota Fire & Marine Ins. Co.*, 45 N. W. Rep. [N. Dak.], 799 ; *Fisher v. Crescent Ins. Co.*, 33 Fed. Rep., 544 ; *Chrisman v. State Ins. Co.*, 18 Pac. Rep. [Ore.], 466 ; *Cuthberson v. North Carolina Home Ins. Co.*, 2 S. E. Rep. [N. Car.], 258 ; *Garver v. Hawkeye Ins. Co.*, 28 N. W. Rep. [Ia.], 555 ; *Blumer v. Phœnix Ins. Co.*, 45 Wis., 622 ; *Ætna Ins. Co. v. Resh*, 40 Mich., 241.

The false representation of a material fact avoids the insurance if the policy is issued on the faith of it, whether it was made by mistake or design. (*Westchester Fire Ins. Co. v. Weaver*, 17 Atl. Rep. [Md.], 401 ; *Rohrbach v. Germania Fire Ins. Co.*, 62 N. Y., 47.)

The policy was void by reason of the failure of the assured to keep a watch upon the premises at night as warranted in the application. (*Rankin v. Amazon Ins. Co.*, 26 Pac. Rep. [Cal.], 872 ; *Whitlaw v. Phœnix Ins. Co.*, 28 U. C. C. P., 53; *Rankin v. Amazon Ins. Co.*, 25 Pac. Rep. [Cal.], 260 ; *First Nat. Bank v. Ins. of North America*, 50 N. Y., 45 ; *Blumer v. Phœnix Ins. Co.*, 45 Wis., 629, 48 Wis., 535 ; *Ripley v. Ætna Ins. Co.*, 30 N. Y., 136; *Glendale Mfg. Co. v. Protection Ins. Co.*, 21 Conn., 36 ; *Trojan Mining Co. v. Fireman's Ins. Co.*, 7 Pac. Rep. [Cal.], 4 ; *Wenzel v. Commercial Ins. Co.*, 7 Pac. Rep. [Cal.], 817.)

The policy was void by reason of mortgages not dis-

closed in the application and by the subsequent tax sale not consented to by the defendant. (*McNierney v. Agricultural Ins. Co.*, 48 Hun [N. Y.], 244; *Smith v. Continental Ins. Co.*, 43 N. W. Rep. [Dak.], 910; *Westchester Fire Ins. Co. v. Weaver*, 70 Md., 540; *Smith v. Niagara Fire Ins. Co.*, 15 Atl. Rep. [Vt.], 353; *Redmon v. Phœnix Fire Ins. Co.*, 51 Wis., 292; *Russel v. Cedar Rapids Ins. Co.*, 42 N. W. Rep. [Ia.], 654; *Mulville v. Adams*, 19 Fed. Rep., 887; *Ryan v. Springfield Fire & Marine Ins. Co.*, 46 Wis., 671; *Blooming Grove Mutual Fire Ins. Co. v. McAnerney*, 102 Pa. St., 335; *Byers v. Farmers Ins. Co.*, 35 O. St., 606; *Sentell v. Oswego County Farmers Ins. Co.*, 16 Hun [N. Y.], 516; *Ætna Fire Ins. Co. v. Resh*, 40 Mich., 241; *Indiana Ins. Co. v. Brehm*, 88 Ind., 578; *Glade v. Germania Fire Ins. Co.*, 56 Ia., 400.)

*F. M. Sturdevant*, also for plaintiff in error.

*F. I. Foss, contra:*

The acts of the agent were the acts of the company. It was estopped from alleging the omission or misstatement of the facts in the application, and parol evidence is admissible to show that the agent participated in the preparation of the application. (*Rowley v. Empire Ins. Co.*, 36 N. Y., 550; *Malleable Iron Works v. Phœnix Ins. Co.*, 25 Conn., 465; *Franklin v. Atlantic Fire Ins. Co.*, 42 Mo., 456; *Plumb v. Cattaraugus County Mutual Ins. Co.*, 18 N. Y., 392; *Ayers v. Home Ins. Co.*, 21 Ia., 185; *May v. Buckeye Mutual Ins. Co.*, 25 Wis., 306; *New England Fire & M. Ins. Co. v. Schettler*, 38 Ill., 166; *Union Mutual Ins. Co. v. Wilkinson*, 13 Wall. [U. S.], 23; *American Life Ins. Co. v. Mahone*, 21 Wall. [U. S.], 152.)

Parol evidence was admissible to show that the agent was correctly informed of the incumbrance. (*Loehner v. Home Mutual Ins. Co.*, 17 Mo., 246; *Miller v. Mutual Benefit Life Ins. Co.*, 31 Ia., 216; *Rowley v. Empire Ins.*

*Co.*, 36 N. Y., 550; *Chase v. Hamilton Ins. Co.*, 20 N. Y., 54 ; *Owens v. Holland Purchase Ins. Co.*, 56 N. Y., 565; *Rohrbach v. Germania Fire Ins. Co.*, 62 N. Y., 47; *Jenkins v. Quincy Mutual Fire Ins. Co.*, 7 Gray [Mass.], 370.)

The company was bound by the knowledge of the agent. (*Eilenberger v. Protective Mutual Fire Ins. Co.*, 89 Pa. St., 464; *Van Schoick v. Niagara Fire Ins. Co.*, 68 N. Y., 434.)

Where an application is made a part of a policy by the terms of it,. and some false assertion has been inserted in the application by the agent, when the truth has been at the same time well known to him, the insured shall not be prejudiced thereby. (*Rowley v. Empire Ins. Co.*, 36 N. Y., 550 ; *Ames v. New York Union Ins. Co.*, 14 N. Y., 253; *Bodine v. Exchange Fire Ins. Co.*, 51 N. Y., 117; *Plumb v. Cattaraugus County Mutual Ins. Co.*, 18 N. Y., 392; *Bidwell v. Northwestern Ins. Co.*, 24 N. Y., 302.)

RYAN, C.

On the 26th day of August, 1890, a policy was issued by plaintiff in error, whereby was insured against loss by fire a grist mill and machinery, therein described, for the period of one year from the above date. This policy was issued to Louisa S. Schwarz, the holder of title of record, loss, if any, payable to Joseph S. Hart, a mortgagee of the insured property, as his interest might appear. The insured property was totally destroyed by fire on the 14th day of December, 1890. Plaintiff in error complains of a judgment rendered in the district court of Franklin county on a verdict against it for the sum of $1,000, the exact amount for which the property destroyed had been insured.

The first assignment of error is that the district court erred in permitting an amendment during the trial, by the addition to the reply of two pages of new matter which, it is alleged, raised a new issue. By reference to the tran-

script we find that almost five pages are covered by the reply as it therein appears. There is no indication by which we can ascertain what portion of the reply was contained in any particular two pages of that pleading as it stood in the district court, even if we should entertain the unwarranted presumption that the addition. complained of was the first two pages or the last two pages as the reply originally appeared. By a reference to the bill of exceptions no aid is afforded plaintiff in error, for the proceedings of the district court on this matter are therein recorded in this language: " Counsel for plaintiff here allowed to add to his reply filed herein sundry statements by way of amendments, to which counsel for defense object for the reason that the proposed amendment does not add anything to the reply already filed and does not state facts sufficient to constitute an estoppel, or any waiver by defendant of any of the defenses to plaintiffs cause of action. Overruled. Defense excepts." If we correctly understand the objections on which the district court ruled, they were, in effect, that the proposed amendment did not constitute an estoppel, neither did it change the issues already made up. There is discovered no error in permitting the amendment of the reply under the circumstances stated in the discussion of this assignment of error.

There was sufficient evidence to sustain the verdict, and as it was for a less sum than the amount of the mortgage held by Mr. Hart, and was for the exact amount of insurance effected by the policy, the several assignments of error by which these questions are separately presented in various forms will receive no further attention.

A. J. Benjamin was the local agent of the plaintiff in error at Riverton, a village within a very short distance of the property insured. This agent knew that there were certain mortgages on the property insured in addition to the mortgage to Mr. Hart, when he issued the policy in question. By an oversight of both the applicant for insurance and

Mr. Benjamin, there was no mention made of a mortgage for $160, due Messrs. Dawes & Foss as commission for effecting the loan made by Mr. Hart.    There was also another mortgage to secure payment of the sum of $300, unsatisfied of record, but there was evidence that this had been paid off.    Plaintiff in error insists that the provision in the policy that any misrepresentation in the application as to the existence of incumbrances on the insured property would avoid the policy, entitled the company to be relieved from payment on account of this loss.    A like contention is made as to the fact that by the written application it appears that defendant in error stated that there was three barrels of water kept at a certain place in the mill, and that a night watch was always on duty.    In respect to the barrels of water it is sufficient to say that the evidence showed that while no water was kept in barrels on the premises when this representation was made, such barrels of water were soon afterwards placed there and so remained until the fire.    The evidence in relation to the keeping of a night watch was given by Mr. Benjamin, the agent of the company, who said: "He [the husband of defendant in error] came to my office to sign the application, and I asked the questions just as they are on the blank, and when we came to the watchman business he said, in answer to that question, 'No, not a regular watchman. There are three of us there, and now we are working most of the time, day and night, and there will be one of us there all the time.'    I said, 'That will be as good as a regular watchman.'    He said, 'Yes,' and I put it in the answer, 'Yes, sir.'    I think I should have put in the answer, 'Yes, sir,' most of the time.'"    The argument on behalf of plaintiff in error is for the most part an effort to secure a rigid enforcement of the harsh provisions of the policy in relation to these misstatements in the application.    Mr. Benjamin, as he testified, was entrusted with printed policies signed by the officers of the plaintiff in

error. With him, therefore, was lodged a certain discretion as to their issuance. Perhaps in the earlier history of insurance it may have been the requirement that a written application should be made to the company at its central place of business and that upon the information so obtained the executive officers of the company determined whether or not it was advisable to issue the policy for which application had been made. In such case the local agent had no duty to perform except such as required the exercise of no discretion or judgment on his part. In modern times, however, this primitive method of doing business has been abandoned and the local agent is entrusted with policies to be filled out and delivered as in his judgment he shall think advisable. The necessity of an application has, therefore, in a large measure, ceased, and while the company may still disapprove of the issue of a policy, this right will be found to exist by virtue of reservations in the policy itself. Until this right of disapproval is exercised the policy is by the company treated as binding, at least as against the insured. Under these conditions it is but fair that the right to revoke the policy should continue no more than a reasonable time. In the case under consideration there was no disapproval of the policy until a lapse of nearly four months after it had been issued, and then only after a total loss had been sustained. To inflexibly hold now that the representations made in the application amounted to a warranty and that, if in any respect they were untrue, the liability of the company would be avoided, irrespective of the fact that the policy was not in fact issued in reliance upon the representations made in the application, would be to sacrifice matters of substance to those of mere form. Forfeitures are not favored in law. The inflexible construction contended for would amount to nothing less than a forfeiture. It may be that by the terms of the policy it was provided that an untrue answer in the application should avoid the policy, yet we can see

no reason why this should be given such rigid application that no inquiry may be made into surrounding circumstances for the purpose of determining whether or not any damage was sustained by reason of such misstatement or whether or not the company was misled by it. It seems to us that for the reasons given the plaintiff in error had no just ground for complaint because of the giving of the following instruction:

"5. If the statements as to incumbrances of $160 and $300 mortgages on the property, of a watchman and barrels of water in said mill, in the application, are mistakes of the agent of defendant in writing down these answers and not the correct answers of plaintiff, and the authorized agent of the defendant, and with full knowledge of these facts in the case, allowed the policy in question in this case to remain in full force after taking plaintiff's money and did not cancel it, said defendant will be liable."

While the manner of expressing the above ideas might be improved upon, the ideas themselves are just. There had been no proof made as to the scope of the powers of the local agent. He had been furnished by his principal with a printed blank in which were contained one hundred and forty questions to be answered by the applicant for insurance. The answers to these questions were written by the local agent of the company. In relation to some of the answers made this agent knew of the inaccuracy. The answer to which most criticism is now directed was not recorded as given. It would be manifestly unfair to hold liable only the applicant for each of these inaccuracies. It is insisted, however, that to allow evidence as to the real facts which surround and, in our views, which should qualify the effect of the inaccurate statements in the application, would be to permit of the introduction of parol evidence to vary the terms of a written contract, and this contention is made because by the terms of the policy the representations referred to are made a part of the policy it-

self. In this contention there is some plausibility, yet we think it should no more be rigidly enforced than a stipulation in an executory contract for the recovery in case of failure to perform, of a fixed amount carefully described as liquidated damages as to which it is permitted to be shown that in fact not liquidated damages but a penalty was actually intended. The application signed is competent evidence to show what representations were made by the applicant, but there is no good reason for holding that this precludes all other evidence. The application cannot be made a contract either in form or substance even though it is therein agreed that it shall be called by that name or have that force. It is at most evidence of representations of facts preliminary to, and it may be to induce the making of, a contract of insurance. When these representations are written out by the agent of the insurance company the signing of them is competent evidence that such representations were made by the applicant. In view of the fact, however, that the company does not issue its policy on the faith of these representations it is permissible to show what representations were actually made to the agent who in fact issued the policy and received the premium. His principal is bound to abide by the exercise of such discretion as has been vested in him as its agent. If, upon the policy being forwarded with the application and even upon other evidence, or, in fact without evidence, the company is dissatisfied, it may disaffirm the act of its agent, return the premium, and cancel the policy. It cannot, however, return the premium, and cancel or repudiate the policy when by reason of a loss of the insured property it becomes to its interest so to elect to do.

Considerable attention was given in argument to the fact that while Mrs. Schwarz held the legal title of the property insured she did so in trust for her husband. There is nothing in the record to indicate that this fact, if such it was, had the least bearing either by way of inducing the

insurance or causing the loss. It is a pure technical abstraction. Again, it was stipulated that the land on which the insured mill stood had been sold for taxes when the policy was issued. No tax deed was made, or rather it would be more accurate to say, there was no proof of the existence of a deed either when the policy issued or when the trial was had, so that, so far as a divestiture of title is concerned, there were made no proofs. Of the sale as creating a mere lien there exists no necessity of an independent discussion. The judgment of the district court is

AFFIRMED.