GERMAN INSURANCE & SAVINGS INSTITUTION v. JACOB KLINE.

FILED APRIL 3, 1895.    No. 6063.

1. **Insurance:** NOTICE AND PROOF OF LOSS: WAIVER. Notice and proofs of loss are waived when an insurance company denies liability on the ground that its policy was not in force when the loss occurred.

2. ———: VALIDITY OF POLICY: APPLICATION: WAIVER. When an insurance company issues its policy and accepts and retains the premium without requiring an application by the insured and without making inquiry as to the condition of the property or the state of its title, and the insured has in fact an insurable interest, the company will be conclusively presumed to have insured such interest and to have waived all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the condition or title of the property in regard to which no such statement was required or inquiry made.

ERROR from the district court of Douglas county. Tried below before KEYSOR, J.

The facts are stated by the commissioner.

*Bartlett, Crane & Baldrige,* for plaintiff in error:

Denial of liability after expiration of time for furnish-

ing proofs of loss is not a waiver of the proofs. (Wood, Fire Insurance, p. 725; *Metropolitan Safety Fund Accident Association v. Windover*, 27 N. E. Rep. [Ill.], 538; *Van Kirk v. Citizens Ins. Co.*, 48 N. W. Rep. [Wis.], 798.)

The provision of the policy to furnish proofs of loss as soon as possible was not complied with. The right to furnish and keep alive a claim of recovery required this to be done in a few days. (*Trask v. State Fire & Marine Ins. Co.*, 29 Pa. St., 198; *Roper v. Lender*, 1 El. & El. [Eng.], 825; *McEvers v. Lawrence*, 1 Hoff. Ch. [N. Y.], 172; *Inman v. Western Fire Ins. Co.*, 12 Wend. [N. Y.], 452; *Cornell v. Milwaukee Mutual Fire Ins. Co.*, 18 Wis., 407; *Whitehurst v. North Carolina Mutual Ins. Co.*, 7 Jones Law [N. Car.], 433; *Quinlan v. Providence Washington Ins. Co.*, 31 N. E. Rep. [N. Y.], 32.)

The company is not liable. It had no notice that the insured building was situated on leased ground. Knowledge of the agent was not notice to the company. (*East Texas Fire Ins. Co. v. Brown*, 18 S. W. Rep. [Tex.], 713; Ostrander, Fire Insurance, p. 108, and citations; *Pottsville Mutual Ins. Co. v. Minnequa Springs Improvement Co.*, 100 Pa. St., 137; *Liverpool, London & Globe Ins. Co. v. Sorsby*, 60 Miss., 302; *Forest City Ins. Co. v. School Directors*, 4 Ill. App., 145; *Queen Ins. Co. of Liverpool v. Young*, 5 So. Rep. [Ala.], 116; *American Ins. Co. v. Luttrell*, 89 Ill., 314; *Jordan v. State Ins. Co.*, 64 Ia., 216; *Donnelly v. Cedar Rapids Ins. Co.*, 70 Ia., 693; *Mullin v. Vermont Mutual Fire Ins. Co.*, 58 Vt., 113; *Mers v. Franklin Ins. Co.*, 68 Mo., 127.)

*Charles Offutt, contra:*

The company's denial of all liability was a waiver of proofs of loss. (*Brink v. Hanover Ins. Co.*, 80 N. Y., 112; *Goodwin v. Massachusetts Mutual Life Ins. Co.*, 73 N. Y., 480; *Grattan v. Metropolitan Life Ins. Co.* 80 N. Y., 289;

*Mosely v. Vermont Mutual Fire Ins. Co.*, 55 Vt., 146; *Marston v. Massachusetts Life Ins. Co.*, 59 N. H., 94; *Kansas Protective Union v. Whitt*, 36 Kan., 760; *State Ins. Co. v. Maackens*, 38 N. J. Law, 569; *Lebanon Mutual Ins. Co. v. Erb*, 4 Atl. Rep. [Pa.], 8.)

Where there is no ·exact limit for furnishing proofs of loss, the policy should be construed as requiring their production within a reasonable time. (*Brink v. Hanover Ins. Co.*, 80 N. Y., 112; *Hoose v. Prescott Ins. Co.*, 23 Ins. L. J. [Pa.], 475; *Continental Ins. Co. v. Lippold*, 3 Neb., 391; *Killips v. Putnam Fire Ins. Co.*, 28 Wis., 472; *Columbia Ins. Co. v. Lawrence*, 10 Pet. [U. S.], 507.)

The company cannot claim a forfeiture on the ground that the building stood on leased land.    There was no written application and no concealment by the insured of the true state of the title.    The company was bound by the knowledge of its agent. (*Bardwell v. Conway Mutual Fire Ins. Co.*, 122 Mass., 90; *Armenia Ins. Co. v. Paul*, 91 Pa. St., 520; *O'Neill v. Ottawa Agricultural Ins. Co.*, 30 U. C. C. P., 151; *Dodge County Mutual Ins. Co. v. Rogers*, 12 Wis., 374; *Tiefenthal v. Citizens Mutual Fire Ins. Co.*, 53 Mich., 306; *Carson v. Jersey City Fire Ins. Co.*, 43 N. J. Law, 300; *Jersey City Fire Ins. Co. v. Carson*, 44 N. J. Law, 210; *John Hancock Mutual Life Ins. Co. v. Daly*, 65 Ind., 6; *Cross v. National Fire Ins. Co.*, 132 N. Y., 133; *Wood v. American Fire Ins. Co.*, 29 N. Y. Sup., 252; *Phœnix Life Ins. Co. v. Raddin*, 120 U. S., 183; *Dunbar v. Phenix Ins. Co.*, 72 Wis., 492; *Lorillard Fire Ins. Co. v. McCulloch*, 21 O. St., 179; *Dayton Ins. Co. v. Kelly*, 24 O. St., 345; *Philadelphia Tool Co. v. British-American Assurance Co.*, 20 Ins. L. J. [Pa.], 566; *O'Brien v. Ohio Ins. Co.*, 13 Ins. L. J.[Mich.], 825; *Van Kirk v. Citizens Ins. Co. of Pittsburg*, 48 N. W. Rep. [Wis.], 798; *Peet v. Dakota Fire & Marine Ins. Co.*, 47 N. W. Rep. [So. Dak.], 532; *Wytheville Ins. & Banking Co. v. Stultz*, 20 Ins. L. J. [Va.], 481; *Castner v. Farmers Mutual Fire*

*Ins. Co.,* 46 Mich., 15; *Alkan v. New Hampshire Ins. Co.,*
53 Wis., 137; *Dwelling House Ins. Co. v. Hoffman,* 18
Atl. Rep. [Pa.], 397; *Gristock v. Royal Ins. Co.,* 49 N. W.
Rep. [Mich.], 634; *Morrison v. Tennessee Mutual & Fire
Ins. Co.,* 18 Mo., 262; *Hall v. Niagara Fire Ins. Co.,* 53
N. W. Rep. [Mich.], 727; *Hoose v. Prescott Ins. Co. of
Boston,* 84 Mich., 309; *German Ins. Co. v. Rounds,* 35
Neb., 752; *Bennett v. Council Bluffs Ins. Co.,* 70 Ia., 600;
*State Ins. Co. v. Jordan,* 29 Neb., 514; *Boetcher v. Hawk-
eye Ins. Co.,* 47 Ia., 253; *McArthur v. Home Life Associa-
tion,* 73 Ia., 336; *Indiana Ins. Co. v. Hartwell,* 19 Ins. L.
J. [Ind.], 824.)

IRVINE, C.

This was an action by Kline against the insurance com-
pany to recover. upon a policy of insurance written on a
frame building in the city of Omaha, the building having
been destroyed by fire.   The insurance company answered,
admitting the payment of ·the premium and the issuance of
the policy, but denying that plaintiff was the owner of the
building.   Further answering, the defendant alleged that
the policy provided that "if the interest of the assured in
the property be any other than the entire, unconditional,·
and sole ownership of the property for the use and benefit
of the assured, or if the building insured stands on leased
ground, it must be so represented to the company and so
expressed in the written part of this policy, otherwise this
policy shall be void;" that the building did stand upon
leased ground, and that this fact was not communicated to
the defendant.   Two other defenses were pleaded of an
affirmative character, in support of which it was not
sought to introduce any evidence.   They will not, there-
fore, be noticed.   The defense was actually made on two
grounds: First, that notice and proofs of loss were not fur-
nished; and second, that the building stood on leased ground,
contrary to. the terms of the policy.   At the close of the

evidence the court instructed the jury that the only question for their consideration was the amount of damage, and that they should return a verdict for the plaintiff for such amount.

After the loss the company wrote to plaintiff's attorney a letter stating that the company denied all liability because the policy was void according to its conditions at the time of the fire. In its answer it pleaded that for three different reasons the policy was so void. Notice and proofs of loss are waived when an insurance company denies liability on the ground that the policy was not in force when the loss occurred. (*Phenix Ins. Co. v. Bachelder*, 32 Neb., 490; *Omaha Fire Ins. Co. v. Dierks*, 43 Neb., 475; *Dwelling House Ins. Co. v. Brewster*, 43 Neb., 528.)

As to the defense based upon the title to the land, the evidence showed that the policy contained the provision set out in the answer; that the building belonged to the plaintiff, and that it stood on leased land. It appears that the Omaha agents of the company were Kneutsen, Smith & Co., and that they had in their employ one Miller, who solicited insurance for them and received a commission on policies written. Miller approached the plaintiff, requesting insurance, and was told to return some days later and it would be given him. Plaintiff told Miller that the building stood on leased ground. Miller filled out a printed blank stating certain facts in connection with the risk, but containing no reference to title. This he delivered to Kneutsen, Smith & Co., who issued the policy. The insurance company claims that Miller was not the agent of the company and that plaintiff's statement to him in regard to the title did not charge the company with notice, and that therefore the provision of the policy avoiding it because of the building's being on leased ground was enforceable. It is not necessary to decide what the nature of Miller's agency was. If of such a character as to charge the company with notice,

then the facts in regard to the title were truly disclosed and the company issued the policy and received and retained the premium with such notice. This fact would estop the company from now insisting that the policy was void because of the lease-hold clause. (*Phenix Ins. Co. v. Covey*, 41 Neb., 724; *German-American Ins. Co. v. Hart*, 43 Neb., 441.) On the other hand, if Miller was not the agent of the company, then the policy was issued without any inquiry in regard to title. In any event it was issued without requiring any formal application, and there was certainly no concealment or misrepresentation by plaintiff. When an insurance company issues its policy and accepts and retains the premium without requiring an application by the insured, and without making any inquiry as to the condition of the property or the state of the title, and the insured has in fact an insurable interest, the company will be conclusively presumed to have insured such interest and to have waived all provisions in the policy providing for its forfeiture by reason of any facts or circumstances affecting the condition or title of the property in regard to which no such statement was required or inquiry made. The real contract of insurance is made before the policy is written, and the insured, by accepting the policy with such a condition as the one relied upon, cannot be deemed to have represented his title to be in fee-simple, or not by lease-hold. How can it be said that under such circumstances there has been either fraud, misrepresentation, or concealment on the part of the insured? He has represented nothing. He has not been asked to represent anything. To give such a condition the force contended for would, instead of protecting the insurance company from fraud, be to permit it to work a fraud upon a policy holder, and permit insurance companies to avoid their policies all the more readily because of neglecting inquiry and investigation before writing them. On this point, as on most points of insurance law, the authorities are not alto-

gether harmonious, but we think their great weight is in accordance with the views we have expressed. (*Philadelphia Tool Co. v. British-American Assurance Co.*, 132 Pa. St., 236; *Commonwealth v. Hide & Leather Ins. Co.*, 112 Mass., 136; *Castner v. Farmers Mutual Fire Ins. Co.*, 46 Mich., 15; *O'Brien v. Ohio Ins. Co.*, 52 Mich., 131; *Western Assurance Co. v. Mason*, 5 Brad. [Ill.], 141; *Dunbar v. Phenix Ins. Co.*, 72 Wis., 492; *Cross v. National Fire Ins. Co.*, 132 N. Y., 133.) It is in accordance with the same principle that the courts have held with practical uniformity that where a formal application is required and some questions are left unanswered or not fully answered, and the company accepts the application in that form and issues its policy, the company thereby waives the information required by such questions. (*Phœnix Life Ins. Co. v. Raddin*, 120 U. S., 183; *Carson v. Jersey City Ins. Co.*, 43 N. J. Law, 300; *Lorillard Fire Ins. Co. v. McCulloch*, 21 O. St., 176.) There was no contradiction and no conflict in the evidence on any of these points, and it follows that in any view of the case the plaintiff was entitled to judgment. Therefore, the instruction given by the court was correct.

Error is assigned on the refusal of certain instructions asked by the company. None of these related to the measure of damages, and as the peremptory instruction to find for the plaintiff was correct, it was not error to refuse any instruction asked by the defendant in regard to the right to recover.

Numerous assignments of error relate to the rulings upon the evidence. But one of these is referred to in the briefs and the others are deemed waived. The plaintiff, on direct examination, was asked, "Who was the agent with whom you made the transaction when you got this policy?" This was objected to as calling for a conclusion. The objection was overruled and the witness answered, "Mr. Miller." It is claimed that this ruling was particularly prejudicial because a similar question was excluded when asked a wit-

30

ness for the defendant. The latter witness was asked whether he knew Miller and then this question was put, "Was he an agent of the German Insurance & Savings Institution at that time?" An objection to this question was sustained. Both rulings were free from error. In the question first quoted, put to the plaintiff, he was not asked for whom Miller was agent. There was no dispute as to Miller's agency either for the company or for the plaintiff in procuring the policy, and the question put to the plaintiff merely asked as to the identity of the person. It involved no question as to his authority or the identity of the principal. The second question put to defendant's witness called for a legal conclusion as to what constituted agency.

The record discloses no error and the judgment is

AFFIRMED.