JACOB RIPP V. DAVID A. HALE.

FILED JUNE 21, 1895.   No. 6201.

1. **Contracts:** AGREEMENTS FOR BENEFIT OF THIRD PERSONS: ACTIONS. As to the points decided in this case on a former hearing in this court, opinion reported in the 32 Neb., 259, the conclusion and rule therein announced are at this time followed and adhered to.

2. **Trial.** A ruling of the trial court excluding certain evidence examined, and *held* not erroneous.

3. **Sufficiency of Evidence.** Evidence *held* sufficient to sustain the verdict.

ERROR from the district court of Platte county. Tried below before MARSHALL, J.

*Albert & Reeder,* for plaintiff in error.

*Robinson & Reed, contra.*

HARRISON, J.

This case was commenced in the district court of Platte county by D. A. Hale to recover from Jacob Ripp the amount of a subscription alleged to have been made by him in favor of one Henry Gebecke and assigned to D. A. Hale. The case was tried before the court and a jury, and at the close of the testimony a verdict was directed for the defendant. The case was brought to this court for review and the judgment reversed and the case remanded. The decision then filed is reported in 32 Neb., 259, and to it we

Ripp v. Hale.

refer for a statement of the cause of action. It was then held: "That the questions of fact involved in the case should have been submitted to the jury, and the court erred in directing a verdict. Where a party makes a promise to another for the benefit of a third person, such third person may avail himself of the promise and bring an action thereon, although the consideration did not move directly from him." At a second trial of the case in the district court, by agreement of parties the cause was submitted upon the evidence taken during the former trial, no new evidence being offered by either party, the only change made being, that on objection by plaintiff, "Exhibit E," page 367 of the deed record, a copy of a deed from plaintiff and wife to the Fremont, Elkhorn & Missouri Valley Railroad Company, conveying to it some seven acres of the land deeded by Gebecke to Hale as agent for the company and which had been admitted at the former trial, was at the time excluded. There was a verdict by the jury in favor of the plaintiff, and after motion for new trial on behalf of defendant was heard and overruled, judgment was rendered in accordance therewith. To review the proceedings during the second trial the case is again presented to this court.

The district court in the second trial of the case obeyed the direction of this court as embodied in its opinion rendered at the former hearing, and its action in so doing was the only correct and proper one, and in so far as the former adjudication of the case in this court related to the facts developed during the trial, and their sufficiency to require a submission of the issues to the jury for their consideration and determination, it will not now be re-examined but will be adhered to. The rule of law which was announced in the former decision as being applicable to the facts became the law of the case and must now be allowed to govern in its disposition, and, viewed in the light of such rule, the evidence was sufficient to sustain the verdict rendered.

It is insisted that the trial court erred in excluding from the evidence the page of the deed record which, if admitted, would have shown that the plaintiff executed a conveyance to the Fremont, Elkhorn & Missouri Valley Railroad Company of about seven of the forty acres of land conveyed to him as agent for the company. We do not think the court erred in its action as to this piece of evidence. The land was conveyed to plaintiff, not for himself, but as agent for the railroad company. What they did with it or in relation to it afterward could not and did not affect the liability of the defendant upon this subscription, nor tend in any manner nor to any extent to aid the jury in a determination of any of the issues submitted to them. Hence, what would have appeared had this evidence been received, would have been without weight in deciding the questions passed upon by the jury, and it was not error to exclude it.

It is urged that the court erred in refusing to give paragraphs 1, 2, 3, 4, 5, and 6 of instructions asked by defendant. It is the established rule of this court, that under such an assignment, the instructions refused will be examined no further than to ascertain that the action as to any one of them was proper or correct. The instructions referred to were mainly directed to presenting to the jury the contrary view of the law applicable to the case from the one stated in the former decision, and two or three, if not all of them, were clearly erroneous.

Another assignment of the motion for a new trial was as follows: "The court erred in giving paragraphs 2, 3, and 4 of its charge to the jury." Instruction numbered 3 is not erroneous. This being determined, we need not examine the instructions further, as an assignment that the trial court erred in giving a group of instructions will be considered no further when it appears that any one of them was properly given. The judgment of the district court is

AFFIRMED.

POST, J., not sitting.