## JACOB C. DENISE V. CITY OF OMAHA.

### FILED DECEMBER 2, 1896.    No. 6886.

1. **Instructions:** ASSIGNMENTS OF ERROR: REVIEW. Where an assignment of error refers in gross to a series of propositions embodied in separate paragraphs of the charge to the jury, it need be examined no further than to ascertain that any one of the series excepted to is sound.

2. ———: ———: ———. Where alleged errors in the refusals to give several proffered instructions are grouped in the assignment, it does not require any further attention after it is ascertained that one of the propositions to which complaint is urged is correct.

3. ———: MODIFICATION: OBJECTIONS: REVIEW. To secure review of the action of a trial court in modifying a requested instruction to a jury it is necessary to note an exception to such modification.

4. ———: REPETITIONS. It is not ground for the reversal of a case that the trial court repeated a proposition of law in the instructions each time in proper connection with facts or other principles involved, or where it does not appear that the effect was to perplex or mislead the jury. (*Gran v. Houston*, 45 Neb., 813.)

5. ———: OBJECTIONS: NEW TRIAL. Objections to instructions, to be available on review, must be specifically pointed out in a motion for new trial.

6. **Review:** RULINGS ON OBJECTIONS: OFFER OF PROOF. "The ruling of the trial court in sustaining an objection to a question put to one's own witness cannot be reviewed where the complaining party has failed to make an offer of the testimony, indicating what he expects to prove by the witness, in response to the question propounded and overruled." (*Barr v. City of Omaha*, 42 Neb., 341.)

7. ———: OBJECTIONS. Alleged errors in the admission of evidence cannot be reviewed where no objection to its reception was interposed in the trial court

8. ———: EVIDENCE: HARMLESS ERROR. The exclusion of offered evidence is not prejudicial error where the witness has previously given or subsequently gives the evidence sought to be introduced, or that of like character and to the same effect. (*Halbert v. Rosenbalm*, 49 Neb., 498.)

9. ———: ———: ASSIGNMENTS OF ERROR. The action of a trial court in the admission of evidence will not be reviewed in the absence of any assignment in reference thereto.

10. ———: ———: ———. Assignment in relation to the admission of certain testimony of the value of a lot, without considering in the

estimate the improvements thereon, *held*, that the evidence was competent and the assignment unavailable.

11. ———: ———. The action of the trial court in sustaining objections to certain questions put to a witness for defendant on cross-examination examined, and *held* not erroneous.

12. **Action to Recover Damages Resulting From Grading a Street:** VERDICT FOR DEFENDANT. *Held*, That there was sufficient evidence to support the verdict rendered.

13. **Review:** BILL OF EXCEPTIONS. Where it is sought to present to this court alleged errors occurring at the trial in a district court, to determine which involves an examination of matters which can only properly be presented by a bill of exceptions, such bill, settled and signed as prescribed by law, is indispensably necessary. (*Scott v. Spencer*, 42 Neb., 632.)

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*Warren Switzler*, for plaintiff in error.

*W. J. Connell* and *E. J. Cornish, contra.*

HARRISON, J.

The plaintiff commenced this action in the district court of Douglas county, against the city of Omaha, to recover damages which he alleged in his petition were caused by the grading, by or under the directions and authority of defendant, of certain streets in the city and adjacent to residence property owned by plaintiff, and on which he had a tenement house or houses. Issues were joined and tried, and the trial resulted in a verdict and judgment adverse to the plaintiff; hence the presentation of the case, on his part, to this court for a review of the proceedings in the district court.

One assignment of error was as follows: "The court erred in giving instructions on its own behalf, numbered as follows: Two (2), three (3), four (4), five (5), six (6), seven (7), and eight (8)." Nos. 3 and 5 of the instructions, to which reference was therein made, were without error, and as there was no separate and specific assignment, it

needs no further examination. (*Pollock v. Whipple*, 45 Neb., 844; *Ripp v. Hale*, 45 Neb., 567.)

It is urged that the court erred in refusing to give instructions asked on behalf of the plaintiff, numbered as follows: "Three (3), six (6), seven (7), eight (8), nine (9), ten (10), eleven (11), and twelve (12), and in changing number four (4) and giving it as changed." This assignment is not directed against the refusal to give any particular one of the instructions, but refers to all. Some of them were unobjectionable, and the proposition embodied in at least one of them had been fully covered by a paragraph of the charge given. Under such conditions, the assignment need not be further considered. (*Pollock v. Whipple, supra; Ripp v. Hale, supra.*) In regard to the portion of the assignment which relates to the modification of the instruction numbered 4, requested by plaintiff, no exception was noted to the modification in the trial court; hence the objection is not available here.

It is argued that undue prominence was given by the repetition in certain paragraphs of the instructions of the proposition that in order to recover, the plaintiff must produce a preponderance of the testimony. The idea expressed was entirely proper in the connection in which it appeared in the instructions, and from a careful review of the record of the whole proceedings during the hearing in the trial court, we are constrained to believe that the portions of the instructions attacked were not open to the objection that they tended to mislead the jury. If they did not, there was no available error. (*Gran v. Houston*, 45 Neb., 813; *Hill v. State*, 42 Neb., 503; *Carstens v. McDonald*, 38 Neb., 858; *Seebrock v. Fedawa*, 30 Neb., 424.) Furthermore, the motion for new trial contained no specific complaint in respect to these instructions on the ground now urged, which would preclude an examination of the objection here. (*Barr v. City of Omaha*, 42 Neb., 342.)

There are several assignments which point to alleged errors in the exclusion of designated portions of the testi-

mony. In respect to the majority of them it suffices to say that no offer to prove the facts sought to be elicited by the questions to which objections were sustained followed such action, which renders the alleged errors unavailable. (*Barr v. City of Omaha*, 42 Neb., 342.) One of the questions as to which the above mentioned objection was urged was numbered 444. To this, it appears by the record, no objection was interposed.

A hypothetical question was asked one of the witnesses for plaintiff, and was "objected to as assuming facts not proven." The objection was sustained, and to this action an exception was noted. The question was not open to the objection made and sustained, but immediately following this the witness was further interrogated on the same line, and the information expected in reply to the rejected interrogatory was thereby elicited, hence there was no prejudicial error. (*Halbert v. Rosenbalm*, 49 Neb., 498.)

It is urged in the brief filed for plaintiff that there was error in overruling an objection made for plaintiff to question numbered 533 propounded to a witness for defendant. There was no assignment of error in respect to this, hence it will not be considered.

It is contended that the trial court erred "in admitting the testimony of any of the real estate men called by defendant, as they did not take into account, in giving their opinions, the improvements on the property. See, for instance, Mr. Hascall's testimony, questions 679 and 696, and Mr. Ames' No. 745. Others were to the same effect." No objection was made to the introduction of a large portion of the testimony of the character here indicated. The particular question is not alluded to in the assignment quoted, but there was an objection made to a question of the overruling of which error is assigned, and by which the point urged may be said to have been presented. The value of the house or houses separately from that of the lot had been shown by a number of witnesses, and it was certainly not objectionable to prove

the value of the lot, or land, separately from the improvements. It was competent, in view of the condition of the evidence. The jury, by a comparison and combination of the values shown of the lot alone and the improvements in themselves, or the two together, could form a correct conclusion as to their values either before or after the grading which was claimed to have reduced the value and caused the damages.

The city engineer was called as a witness and some drawings or "profiles" were identified by him as showing the streets at or near the plaintiff's property, and also their original surface lines, established grades, and changes of grade, etc., and from these drawings and his own knowledge of the matters, he gave testimony in relation to the work done at the time the streets were graded, and of the condition of the plaintiff's property, or the lot, after the work was done. On cross-examination he was asked certain questions, to which objections were interposed and sustained. It is claimed that the questions to which we have just referred were for the purpose of ascertaining the knowledge of the witness on the subject, about which he was testifying, and further, to test his capacity as an expert witness. The questions had no relevancy, nor could the testimony which it was sought to draw out by them have any, to the subjects embraced in the testimony of the witness, nor do we think it would have tended in the least to assist in an investigation in regard to the ability of the witness as an engineer, and we are unable to see wherein the plaintiff was prejudiced by the exclusion of the testimony.

It is urged that the verdict was not sustained by sufficient evidence. We are not prepared to say, after a careful perusal of the evidence, that we would have reached the same conclusion as did the jury, but there was sufficient evidence to support the verdict rendered, hence it will not be disturbed. (*Converse v. Meyer*, 14 Neb., 190; *Durrell v. Hart*, 25 Neb., 610.) Moreover, we will add here that we need not have examined into the sufficiency of the evi-

dence to warrant the verdict, nor into the questions·
mooted in regard to the exclusion or improper reception
of evidence, nor, indeed, any point to determine which a
resort to the bill of exceptions became necessary, for
what appears in the record as the bill of exceptions has
not been settled or signed by either the trial judge or the
clerk of the district court in which the case was tried.
The following stipulation, signed by the attorneys in the
case, is of the record, to-wit: "It is hereby stipulated and
agreed that the within is a complete transcript of the evi-
dence and all exhibits introduced in the above entitled
cause, and that the same may be filed as the bill of excep-
tions in said cause and made a part of the record therein."
But this is not sufficient to entitle the matters so at-
tempted to be made of record to examination. "Where
it is sought to present to this court alleged errors
occurring at the trial in a district court, a bill of excep-
tions settled and signed as required by law is indispen-
sably necessary." (*Scott v. Spencer*, 42 Neb., 632; *Reyn-
olds v. Deitz*, 39 Neb., 180; *Edwards v. Kearney*, 14 Neb.,
83.)

AFFIRMED.