LEWIS E. KARNES v. GEORGE E. DOVEY ET AL.

FILED FEBRUARY 17, 1898.   No. 9754.

1. Exemption: WAGES.  It is the purpose of the statutory law to absolutely exempt from forced application to payment of indebtedness the sixty days' wages of parties designated in the statute.

2. ——: ——: ASSIGNMENT OF CLAIM: DAMAGES.  If an account, claim, or evidence of indebtedness has been sold and assigned by the party to whom it belonged, and in an action in the courts of this or another state or a territory the exempt wages of the debtor have been taken under process and applied to the payment of such indebtedness, in an action by the debtor against the original owner thereof to recover the amounts as provided by statute he may, if there are facts shown in evidence from which an inference or conclusion might be drawn that the assignment had been made without any intent or purpose on the part of the assignor to avoid or evade the effect of the exemption laws, the question of the existence or non-existence of such intention or purpose is one of fact to be determined by the jury under appropriate instructions; and an instruction requested to be given which ignores said proposition is erroneous and its refusal proper.

3. Instructions: ASSIGNMENTS OF ERROR.  Errors in giving instructions and in refusals to give requested instructions must be separately assigned in the motion for a new trial and petition in error. Where this rule is violated and the trial court's action is deter-

mined to have been proper as to one of either of instructions given or refused in re a ion to which errors have been assigned in gross, the assignment need be no further considered.

ERROR from the district court of Cass county. Tried below before RAMSEY, J. *Affirmed.*

D. O. *Dwyer* and E. H. *Wooley*, for plaintiff in error.

*Beeson & Root, Byron Clark*, and C. A. *Rawls, contra.*

HARRISON, C. J.

It appears herein that on and prior to August 19, 1892, the defendants in error were, as partners, engaged in general mercantile business in the city of Plattsmouth, this state, and the plaintiff in error on the date mentioned was indebted to them on account; that said account was then sold and assigned to a third party, who in a court of the state of Iowa instituted an action thereon in which a writ of attachment was procured to issue, accompanied by a summons in garnishment against, and which was served on, the Chicago, Burlington & Quincy Railroad Company, owner and operator as assignee of the Burlington & Missouri River Railroad Company in Nebraska, of which last mentioned company the plaintiff in error was an employé; that as a result of said action in the Iowa court the wages of the plaintiff in error, which he asserts herein were by the laws of this state exempted from forced application to the payment of his indebtedness of which was the account sold by defendants in error, were taken and appropriated in payment of said account. The present action was commenced in the district court of Cass county to recover of defendants the damages alleged to have been suffered by plaintiff by reason of the alleged assignment by defendants of the account and the subsequent proceedings in the Iowa court and the seizure and application therein of the exempt wages of the plaintiff. Issues were joined, and in a trial the defendants were successful and the plaintiff presents the cause to this court for review.

It is argued that the trial court erred in refusing to give in charge to the jury instruction numbered 2, requested for plaintiff, in terms as follows: "The court instructs the jury that if they believe from the evidence that plaintiff is the head of a family and a resident of this state, and that the money attached by the Iowa court was earned within the period of sixty days prior thereto, then and in that case your verdict should be for the plaintiff, and in this connection you are instructed that under the laws of Nebraska a creditor cannot lawfully assign a claim against a resident debtor of Nebraska to a person in another state and have exempt wages taken by such persons in the other state." And in this connection it is also urged that it was error of the court to give paragraph numbered 3 of its charge to the jury. The first would, if it had been read in connection with the other portions of the charge, have informed the jury, as is claimed in argument, that if an account against certain parties designated in our statutes was by the owner thereof assigned and by the assignee or other person to whom it might be further assigned taken to another state and suit thereon instituted in which the wages earned within the sixty days or time fixed by law were taken and applied in satisfaction of the account, an action would lie and could be successfully maintained against the original owner and assignor, and the verdict, regardless of the appearance of other fact or facts in evidence, should in this case be against the defendants. Paragraph numbered 3 given, and which, as we have stated, is attacked in this connection, was in effect the same as that numbered 2 requested for plaintiff, except in that it informed the jury if it further appeared in evidence that the account was sold and assigned without any intent or purpose on the part of the assignors of evading the exemption laws of the state the verdict should be for the defendants. It is provided in section 531a of the Code of Civil Procedure: "The wages of laborers, mechanics, and clerks who are heads of fam-

ilies, in the hands of those by whom such laborers, mechanics, or clerks may be employed, both before and after such wages shall be due, shall be exempt from the operation of attachment, execution, and garnishee process; *Provided,* That not more than sixty days' wages shall be exempt." And on the same subject, in section 531c: "That it be, and is hereby declared, unlawful for any creditor of, or other holder of any evidence of debt, book account, or claim of any name or nature against any laborer, servant, clerk, or other employé of any corporation, firm, or individual in this state, for the purpose below stated, to sell, assign, transfer, or by any means dispose of any such claim, book account, bill, or debt of any name or nature whatever, to any person or persons, firm, corporation, or institution, or to institute in this state or elsewhere, or prosecute any suit or action for any such claim or debt against any such laborer, servant, clerk, or employé by any process seeking to seize, attach, or garnish the wages of such person or persons earned within sixty days prior to the commencement of such proceeding, for the purpose of avoiding the effect of the laws of the state of Nebraska concerning exemptions." In section 531c: "In any proceeding, civil or criminal, growing out of a breach of sections one or two of this act, proof of the institution of a suit, or service of garnishment summons by any persons, firm, or individual, in any court of any state or territory other than this state or in this state, to seize, by process of garnishment or otherwise, any of the wages of such persons as defined in section one of this act, shall be deemed *prima facie* evidence of an evasion of the laws of the state of Nebraska and a breach of the provisions of this act on the part of the creditor or resident in Nebraska causing the same to be done." Also, in 531f: "Any persons, firm, company, corporation, or business institution guilty of a violation of sections one or two of this act shall be liable to the party injured through such violation of this act, for the amount of the debt sold, assigned, transferred, garnished,

or sued upon, with all costs and expenses and a reasona-
ble attorney's fee, to be recovered in any court of com-
petent jurisdiction in this state." The object of these
and other provisions of statute on the subject, it is evi-
dent, is to exempt absolutely, if possible, the wages of
the persons designated, to the extent or amount stated,
and they should be construed in such manner as to ren-
der them effective of the expressed purpose. If we give
the language used its ordinary and precise import, al-
ways bearing in mind the object sought to be accom-
plished by the law-makers who framed and enacted the
portions of our law now under consideration, we think
it is clear that if it appears in evidence that an account
or claim has been assigned and an action instituted
thereon by the assignee in a state other than this in
which the exempt wages of the debtor have been seized
and appropriated to the payment of the debt, and other
facts have been shown from which the fair inference or
conclusion might be drawn that the assignment by the
original owner of the claim had been wholly without any
intention or purpose of avoiding or evading the law of
exemptions, the questions are of fact and to be sub-
mitted to the jury under proper instructions, and in this
view of the matter the instruction requested and refused
was erroneous, in that it ignored the proposition of the
good faith of the assignors of the account at the time of
such transfer; and the one given was correct, in that it
noticed the proposition which was omitted from the re-
quested instruction.

It is an established rule that alleged errors in regard
to instructions given or refused must be specifically and
separately assigned in both motion for a new trial and
the petition in error; that if they be grouped in assign-
ment in either pleading the errors indicated will be ex-
amined no further if it be ascertained that one of the
errors of the group alleged is without force. (See
*Graham v. Frazier*, 49 Neb. 90; *Johnston v. Milwaukee &
Wyoming Investment Co.*, 49 Neb. 68; *Denise v. City of*

*Omaha*, 49 Neb. 750.) In this case errors were assigned in group in the motion for new trial in relation to several instructions given, and in the same manner in both motion for a new trial and the petition in error of instructions requested for plaintiff in error and refused, and having determined that one given was without error and of one refused the action was proper, we need consider no further alleged errors as to either group. There are no other objections presented in argument, and it follows that the judgment of the district court must be

AFFIRMED.