National Masonic Accident Ass'n v. Day.

---

NATIONAL MASONIC ACCIDENT ASSOCIATION v. JOHN H. DAY.

FILED MAY 19, 1898.  No. 8104.

1. **Insurance:** WAIVER OF DEFECTS IN PROOFS OF LOSS. If an insurance company or association, after reception of the preliminary or final proofs of claim of loss makes no objections thereto relative to either form or substance, but investigates the particulars

of the claim and receives full information and then denies liability for reasons which are without reference to any infirmity or insufficiency of the proofs, such defects of the proofs, if they exist, are waived and cannot be successfully urged and will not be entertained in defense to an action on the claim.

2. **Instructions:** Assignments of Error. Alleged errors in instructions and of refusals to give requested instructions should be separately assigned in the motion for a new trial, and where the assignment is not specific and the action of the trial court as to any one of the several matters grouped therein was without objection, the complaint must be overruled.

3. **Action for Accident Insurance:** Verdict for Plaintiff. The evidence *held* sufficient to sustain the verdict.

Error from the district court of Douglas county. Tried below before Blair, J. *Affirmed.*

*Montgomery & Hall,* for plaintiff in error.

*James W. Carr,* contra.

Harrison, C. J.

In this action by defendant in error it was alleged that on March 25, 1892, he became a member of the association, the plaintiff in error, and there was issued to him a certificate of membership by which, for stated payments by him made and to be made, and the performance of certain enumerated conditions and under specified restrictions, limitations, etc., the association agreed to pay him a stated sum per week during a specified time if he should thereafter be injured and disabled in or by an accident. It was further pleaded that on February 18, 1893, the defendant in error fell while going up a stairway in the "Board of Trade Building" in Omaha and was severely injured and thereby became entitled to agreed payments from the association. In a trial of the issues presented in the district court the defendant in error was given judgment, of which the association asks of this court a reversal.

At the close of the introduction of the evidence in chief, for the defendant in error, it was moved in behalf of the

association that all such evidence be stricken from the record and the suit be dismissed because of a variance between the statements in the testimony relative directly to the asserted injury and the proofs thereof, which prior to suit, to fulfill the requirements of the certificate in such regard, had been furnished by defendant in error to the company. This motion was overruled. It was of the conditions of the certificate that preliminary proofs of any injury to the party to whom it had issued should be given within a stated time subsequent to its occurrence, and that further and more complete proofs should be prepared and forwarded to the association at the home office within a limited period. Immediately, or within a day or two after the accident which caused the injuries to defendant in error, letters were written for him and sent to the association which contained accounts of the accident to him, and from its answers thereto which were introduced in evidence it appears that the letters which he caused to be written and forwarded were received by it. Forms for preliminary and final proofs with blank spaces for the insertion of the particulars required by the terms of the certificate were sent to the defendant in error by the association and by him prepared and mailed to the association and were received. In these he stated, in substance, that during an ascent of the stairway in the Board of Trade Building he slipped or stumbled and fell and struck on the banister or "stair rail" with his back, and the result was the paralysis of his left arm and hand. In his testimony the defendant in error said that as he was going up the stairs he "caught his toe under the step and fell to the left on the railing and struck his elbow, shoulder, foot, and head." The foregoing statements, one of which is from the proofs and the other the testimony, in short, on the point indicated, will serve to show the alleged variance, which consisted in that in the proofs the force of the fall was stated to have been received on the "back" and in the testimony was on the "elbow, shoulder, foot, and head." Whether this

constituted a variance in an essential particular or particulars of the accident or injury and fatal to this action of defendant in error we need not decide. To be so effectual it must further have been shown that credence was given by the association to the statement in the proofs. It must have been relied on as a true statement of the matter to which it related, and the association must have been misled by it in its future attitude in regard to the claim of defendant in error. This did not appear. On the contrary, it was disclosed that the association, soon after it received the preliminary proofs, sent an agent to Omaha, who investigated the entire matter and who, while there, had an interview with the defendant in error, during which the latter states he told the agent all the particulars of the accident, inclusive of the injuries to the head and arm. This was of a time after the reception by the association of the preliminary proofs, and on report by the agent the secretary of the association wrote to defendant in error and informed him that the association did not care to and would not further inquire into the matter; that the claim was not one on which the association was liable, was not within the agreements of the certificate, and the association was in the possession of ample evidence to prove the claim without merit. This was a clear assertion of the non-liability of the association in any event, or under any conditions, or statements of proofs of loss, and without reference to such proofs; and the defense of insufficiency of the proofs could not be urged or entertained. (*Omaha Fire Ins. Co. v. Dierks*, 43 Neb. 473; *Dwelling-House Ins. Co. v. Brewster*, 43 Neb. 528; *German Ins. & Savings Institution v. Kline*, 44 Neb. 395; *Home Fire Ins. Co. v. Hammang*, 44 Neb. 566; *Cobb v. Insurance Co. of North America*, 11 Kan. 93.)

It is argued that the trial court erred in its refusals to give in charge to the jury several instructions prepared and requested for plaintiff in error. The assignment as to these alleged errors in the motion for a new trial was not specific and several, but in gross. Number 1 of the

paragraphs thus assigned was, in reference to the variance between the statements in the proofs of the particulars of the accident or injury, the basis of the claim, and the testimony on the same subject, and, within the views which we have hereinbefore expressed relative to this same matter, the refusal to give the instruction was proper. This conclusion disposes of and works a disapproval of the entire assignment. (*Town v. Missouri P. R. Co.*, 50 Neb. 768; *Denise v. City of Omaha*, 49 Neb. 750.)

It is complained that the trial court erred in giving paragraph 4 of the charge to the jury. In the motion for a new trial this alleged error was grouped with several others of asserted errors relative to portions of the charge. As to some of the paragraphs included in the assignment no objections are now urged, and it may be added that they were unobjectionable, from which it follows that the assignment must be overruled. (*Graham v. Frazier*, 49 Neb. 90; *Johnston v. Milwaukee & Wyoming Investment Co.*, 49 Neb. 68; *Denise v. City of Omaha*, 49 Neb. 750.)

It is argued that the verdict and judgment are not sustained by and are contrary to the evidence. There was a direct conflict in the evidence on the essential points of the issues, but there was evidence to sustain the verdict rendered; hence it must stand. The judgment of the district court is

AFFIRMED.