REED ET AL., APPELLANTS *v.* POINDEXTER ET AL., RE-
SPONDENTS.

[Submitted June 5, 1895.   Decided June 10, 1895.]

PLEADING—*Contradictory counts—Demurrer—Replevin.*—A complaint in replevin which alleges in one count that goods of which defendant obtained the delivery by false representations were transferred to certain co-defendants as an assignment for benefit of creditors and in another count that the transfer was made in payment of a debt due by defendant to one of said co-defendants, is demurrable as uncertain and ambiguous, since it cannot be determined therefrom upon which of these contradictory allegations plaintiffs rely.

SAME—*Same—Ruling on demurrer.*—Where a demurrer to a complaint which sets up a cause of action in two contradictory counts is sustained for uncertainty and ambiguity, the trial court is not required to determine whether either or both of the statements of plaintiffs' causes of action were correct.

*Appeal from Fifth Judicial District, Beaverhead County.*

ACTION of replevin.   Defendants' demurrer to the complaint was sustained by SHOWERS, J.   Affirmed.

Statement of the case by the justice delivering the opinion.

The plaintiffs brought this action in replevin, seeking the return of certain personal property.   They allege that they sold and delivered the property to the defendant the Poindexter Commercial Company.   They allege that said defendant obtained said sale and delivery by false representations as to its solvency.   The position of the plaintiffs is that by reason of said false representations the title to the property did not pass to said defendant.   There is, in fact, but one cause of action, but the pleader, for some reason, has stated it in the complaint in two counts.   In the first count it is alleged that the goods had been transferred by the Poindexter Commercial Company to the defendants P. H. Poindexter and W. A. Jones, and that the said transfer was made as an assignment for the benefit of the creditors of said Poindexter Company, and particularly said P. H. Poindexter.   In the other count in the complaint it is alleged that said goods were transferred by said Poindexter Company to the defendants P. H. Poindexter and

W. A. Jones in payment of an antecedent debt owing by said company to said P. H. Poindexter.

To this complaint a demurrer was filed. The demurrer was upon two grounds, as follows: " (1) Because said amended complaint does not state facts sufficient to constitute a cause of action against them or either of them; (2) because the said amended complaint is uncertain and ambiguous, in this, to wit, that two causes of action are therein attempted to be stated, neither of which are sufficiently distinct and separate so as to enable the defendants to determine whether the plaintiff relies upon the one or the other for their recovery." The demurrer was sustained as to P. H. Poindexter and W. A. Jones. Judgment was thereupon entered in favor of said Poindexter and Jones for their costs. The plaintiffs appeal from the judgment.

*W. S. Barbour* and *Robinson & Stapleton*, for Appellants.

*Shropshire & Burleigh* and *John B. Clayberg*, for Respondents.

DE WITT, J.—It does not appear from the record whether the demurrer was sustained upon the first ground or the second, or whether upon both grounds. We are of opinion that the demurrer was good upon the second ground. The complaint was certainly ambiguous.

The two causes of action to which the demurrer refers are in fact but one cause of action, differently stated, and contradictorily stated. The plaintiffs sought to follow the personal property into the hands of Poindexter and Jones, who were persons other than the original purchaser of the property. The complaint stated in one place that the property was transferred to said Poindexter and Jones as assignees for the benefit of creditors. Again, the complaint stated that the transfer was made to these persons in payment of a debt due by the Commercial Company to said Poindexter. One of these statements may be true. They are certainly not each true, for the rea-

son that they contradict each other.  It is true, as defendants set up in their demurrer, that they cannot determine upon which of these contradictory allegations the plaintiffs rely. One may not set up his cause of action in terms which contradict each other and expect a defendant to answer.  We think the judgment must be sustained upon the second ground of the demurrer.

We do not think that the district court was required to make any further investigation of the complaint.  We are of opinion that that court was not called upon to go further, and determine whether either or both of the statements of the plaintiffs' cause of action were sufficient.  In order to obtain a ruling from the district court as to whether plaintiffs had a cause of action, they should have first set up that cause of action in consistent language, and then the court could have determined whether the facts set up were sufficient.  We are also of opinion that we are not required to determine whether either of the statements of the cause of action was sufficient.  If either we or the district court were required to make such investigation, it would be in effect saying to a plaintiff's counsel, "You may set up your alleged cause of action in as many contradictory expressions as you please, and get a ruling of the court upon which one is good  and then rely upon the same in your proof."  This we decline to do.  For all that appears in the record, this is what the district court declined to do; for it appears simply that that court sustained the demurrer without stating upon which ground.

The judgment is affirmed, and the case is remanded to the district court, with permission, however, to the plaintiffs to amend their complaint.

*Affirmed.*

PEMBERTON, C. J., and HUNT, J, concur.