WHITE ET AL., APPELLANTS, *v.* HAGBERY, ADMR., RESPONDENT.

(No. 3,852.)

(Submitted January 8, 1918.  Decided April 22, 1918.)

[172 Pac. 1034.]

*Pleading—Complaint—Inconsistent Allegations—Effect.*

1. Where allegations of the complaint are directly contrary to each other, so that proof of one would disprove the other, they are self-destructive, the court must disregard both and construe the pleading as though neither were contained therein.

[As to inconsistent defenses within rules of pleading, see note in Ann. Cas. 1917C, 704.]

*Appeal from District Court, Missoula County; Theo. Lentz, Judge.*

ACTION by Earl D. and Mae White against Daniel Hagbery, administrator of the estate of John F. Hagbery, deceased. From a judgment of dismissal, plaintiffs appeal. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Edward Mulroney* and *Mr. Gilbert J. Heyfron,* for Appellant.

*Mr. William Wayne,* for Respondent.

HONORABLE ALBERT P. STARK, Judge of the Sixth Judicial District, sitting in place of the Chief Justice, delivered the opinion of the court.

According to the allegations of the amended complaint filed in this action, it appears that John F. Hagbery died in Missoula county on November 6, 1914, and that the defendant is the administrator of his estate. That between the year 1908 and the summer of the year 1912, the plaintiffs performed certain services for the deceased, who owned and operated a ranch in Missoula county, but (par. IV) "no payment of any kind or character, either in money or property was paid by the said John F. Hagbery, deceased, to the plaintiffs herein for the said services of both of the plaintiffs." That in the summer of 1912 the deceased desired to sell his said ranch and, "recognizing his indebtedness to the plaintiffs for such services so rendered, he thereupon told them  *  *  *  that if he succeeded in making a sale of said ranch for the sum of $5,000, he would pay to the plaintiffs the sum of $2,000 for their said services," but that the deceased was unsuccessful in his efforts to dispose of his ranch to others and on December 16, 1913, sold the same to the plaintiffs for the sum of $5,000; that plaintiffs as payment of the purchase price gave to the deceased their promissory note for $5,000, due in ten years, with interest at the rate of six per cent per annum, payable annually, which note was secured by a mortgage upon the purchased property.

It is next alleged (par. VII) that immediately after the execution and delivery of the note and mortgage to the deceased by the plaintiffs, and on the 16th day of December, 1913, the plaintiffs paid to the deceased as a payment upon, and part payment of, said note, the sum of $2,000 as represented by the indebted-

ness of the deceased to the plaintiffs for the services rendered to him by the plaintiffs. That deceased then and there accepted said payment of $2,000 as a payment upon, and a part payment of, said note and mortgage, but that during his lifetime he failed and neglected to credit the plaintiffs upon said note and mortgage with the said sum of $2,000, and that the defendant as administrator has also failed and neglected, and at all times since his appointment has refused to make said endorsement. It is further alleged that the plaintiffs have tendered to the defendant, as administrator, the sum of $180 as full payment of the interest due on said note and mortgage for the first year, which offer and tender the defendant refused, and that he threatens to foreclose said mortgage unless the plaintiffs pay to him the full sum of $300 as interest on said note for said first year.

The prayer is that the defendant be required to indorse a credit of $2,000 on said note and mortgage, and that he be compelled to accept $180 as full payment of the first year's interest on said note, and that he be enjoined from foreclosing said mortgage.

To this amended complaint the defendant demurred on the ground that it does not state facts sufficient to constitute a cause of action. This demurrer was sustained and the plaintiffs granted twenty days in which to file a second amended complaint, and they having failed to do so, thereafter the default of the plaintiffs for such failure was duly entered and a judgment of dismissal was entered against them, from which order and judgment they now prosecute this appeal.

The sole point presented on this appeal is whether the court erred in sustaining the demurrer to the plaintiffs' amended complaint.

In paragraph IV of the amended complaint there is the direct allegation that no payment of any kind or character, either in money or property, was paid by the said John F. Hagbery, deceased, to the plaintiffs for the said services of both of the plaintiffs. In paragraph VII of the amended complaint, however,

the allegations of paragraph IV, in so far as they relate to the subject of payment, are entirely contradicted, as the essence of the allegation in the latter paragraph is that Hagbery did pay to the plaintiffs the full sum of $2,000, which they thereupon turned back to him as a payment upon the note and mortgage. These allegations are directly contrary to each other; one necessarily infers the negation of the other; both cannot be true; proof of one would disprove the other; they are so completely repugnant as to be self-destructive.

The only object of a lawsuit is the elicitation of the truth, [1] and the only object of pleading is to aid in determining the truth of the controversy. (*Seattle Nat. Bank* v. *Carter*, 13 Wash. 281, 48 L. R. A. 177, 43 Pac. 332.) The rule is well settled that inconsistency between two or more allegations contained in a single cause of action is fatal if both cannot possibly be true as a matter of fact, and either is essential to make out a sufficient case. (1 Abbott's Trial Briefs, 656; *Reed* v. *Poindexter*, 16 Mont. 294, 40 Pac. 596.) Clearly, no greater latitude in pleading should be allowed to a plaintiff in framing the statement of a single cause of action in a complaint than is permitted to a defendant in setting forth separate defenses in his answer, and this court has held that although a defendant may interpose inconsistent defenses, they must not be so far inconsistent that if the allegations of one are true the allegations of the other must of necessity be false. (*Johnson* v. *Butte & Superior Copper Co.*, 41 Mont. 158, 48 L. R. A. (n. s.) 938, 108 Pac. 1057; *O'Donnell* v. *City of Butte*, 44 Mont. 97, 119 Pac. 281.)

If a complaint containing allegations such as these, which are so inconsistent and repugnant that if one is true the other is false, should be held to be a good pleading, it would necessarily follow that it would be competent to introduce evidence to sustain the inconsistent averments, and the plaintiffs would be allowed to assume the absurd position of testifying that they had performed the services for the deceased set forth in their amended complaint, and in one breath to say that he had not paid them therefor in any way or manner, either in money or

property, and in the next breath to solemnly aver that he had paid them in full by giving them credit for the amount upon the note representing the purchase price of the ranch in question. It cannot be contended that such a proceeding would elicit the truth or that such a pleading would aid in determining it.

As the allegation of nonpayment in paragraph IV and the allegation of payment in paragraph VII in effect nullify and destroy each other, the court could not act upon either, but was obliged to disregard both and to construe the pleading as though neither were contained therein. (*State* v. *Foulkes,* 94 Ind. 493.)

Omitting both the above-mentioned paragraphs from consideration, the amended complaint does not state a cause of action, and it follows that the order sustaining the demurrer thereto was correct, and the judgment of the lower court should be, and the same is, affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.