ANTONIA PIPAN, Appellant, v. ÆTNA INSURANCE COMPANY, a Corporation, Respondent.

(214 N. W. 901.)

**Reformation of instruments — complaint held to state ˚cause of action on written policy of insurance.**

1. In an action to recover insurance, where a policy had been issued upon property described as belonging to the plaintiff's husband, in whose name the policy was issued, and where the complaint alleged that the policy, through mistake, had been so issued and asked that the same be reformed "if reformation is necessary," the complaint is construed and held to state a cause of action upon a written policy of insurance and not upon an oral contract to insure or an oral contract of insurance.

**Insurance — reformation of instruments — decision as to reformation.**

2. Though there be no necessity for maintaining a separate suit in equity for the reformation of a policy of insurance before bringing an action to recover the insurance, nevertheless, where the pleading presents issues of fact upon

which preliminary specific equitable relief depends, it is proper practice for the court to first determine such equitable issues, and, where such determination, being adverse to the plaintiff, is conclusive against the cause of action, the cause may properly be dismissed.

### Reformation of instruments — mutual mistake.

3. The evidence is examined and *held* not to warrant overturning the findings of the trial court concerning the issue of mutual mistake.

Opinion filed July 9, 1927. Rehearing denied August 16, 1927.

Appeal and Error, 4 C. J. § 2855 p. 885 n. 39. Insurance, 33 C. J. § 792 p. 81 n. 76. Reformation of Instruments, 34 Cyc. p. 910 n. 47; p. 971 n. 29; p. 980 n. 4; p. 984 n. 34; p. 987 n. 36; p. 992 n. 62; p. 995 n. 90.

Appeal from the District Court of McHenry County, *Buttz, J.* Affirmed.

*S. P. Rigler* and *Jacobsen & Murray,* for appellant.

A policy of insurance can be reformed on the grounds of accident, fraud or mistake. 26 C. J. 103, note 101.

"Where a fire insurance policy is, by mistake, made payable to a deceased person, the widow, who is in control of the property, carrying on the business in decedent's name, may, without going into equity to have the policy reformed, sue thereon in her own name, alleging the true facts." Lumberman's Mut. Ins. Co. v. Bell, 166 Ill. 400, 45 N. E. 130.

"In order that parol evidence may be admissible to show a mistake in a written instrument, the existence of such mistake must have been alleged in the pleadings." French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, 151 N. W. 7.

"In a law action a party is entitled to a jury trial as a matter of right." Lett v. Hammond (Neb.) 80 N. W. 1042.

"A law action is not triable without a jury because there are issues incidental to or elemental of the main one, which are equitable in their nature." Id.

"Where the complaint prays for both legal and equitable relief, but the former alone is warranted by the facts pleaded, it is error to deny defendant's demand for a jury trial." Gorthy v. Jarvis, 15 N. D. 509, 108 N. W. 39.

*Lawrence, Murphy, & Nilles,* for respondent.

"Relief will not be denied merely because there is conflicting testimony, although it has been held that a direct conflict as to the mistake alleged is conclusive against a reformation." 23 R. C. L. 367–369.

"The peculiar province of courts of equity is to relieve against mistakes and omissions in contracts, but courts of law act on contracts as they find them." Nance v. Metcalf, 19 Mo. App. 183.

"Where both legal and equitable issues are involved in the same case it is the better practice for the court first to pass on the equitable matter, ordering an issue or issues to a jury in its discretion, since the necessity of proceeding with the action at law may be dependent upon the determination of the equities of the case." 24 Cal. Jur. 732.

"A jury need not be called to pass upon an equitable defense to an action of ejectment. The parties are entitled to a jury on the legal issues; but as to the equitable defenses the court sits as a chancellor, and may or may not, according to its discretion, order issues to a jury." Weber v. Marshall, 19 Cal. 447.

"Where the answer contains both a legal and an equitable defense, the court may first try the equitable defense, and refuse the plaintiff a jury trial, and if the facts warrant it, grant the equitable relief prayed for." 30 Cal. 512.

"If a policy is made out in a different name than of the person whom it was intended to insure equity will correct the mistake." 5 Joyce, 5850.

"A court of equity will not make a contract. In all cases it is necessary to show that the agreement was actually concluded, but was not correctly expressed in the instrument." 5 Joyce, 5858.

"Although a construction as favorable as reasonable may be given to a policy of insurance, still it should be only a natural and logical construction, not a strained or sophistical one." 1 Joyce, 5888.

"One seeking to recover on a written instrument must rely on the writing as executed, or must seek a reformation thereof." Castle v. Gleason, 31 S. D. 590, 141 N. W. 516.

"Any alteration in a written instrument which may in any event alter the rights, duties, or obligations of the party sought to be charged is material in the legal sense." Barton Sav. Bank & T. Co. v. Stephenson, 87 Vt. 433, 51 L.R.A.(N.S.) 346, 89 Atl. 639; Foxworthy v. Colby, 64 Neb. 216, 62 L.R.A. 393, 89 N. W. 800.

"The wife cannot maintain an action at law on an insurance policy on her property, taken out in the name of her husband; neither the policy nor the application showing agency or trusteeship on his part." Zimmerman v. Farmers' Ins. Co. (Iowa) 41 N. W. 39.

BIRDZELL, Ch. J. (On rehearing). This is an appeal from a judgment in favor of the defendant dismissing an action upon an insurance policy. The case was tried to the court and a jury. At the conclusion of the trial it was thought that the case presented both equitable issues triable to the court without a jury and issues of fact triable to the jury. The court deemed the equitable issues decisive in favor of the defendant and ordered a judgment of dismissal. The pleadings will be referred to for an understanding of the nature of the case. Omitting formal allegations, the complaint alleges that the plaintiff was the owner of a certain building in the city of Towner, together with blacksmith tools, accessories and raw materials situated therein; that Frank Pipan was the husband and agent of the plaintiff, authorized to transact the business of insuring the property for her; that one Berget was the authorized agent of the defendant company, empowered to deliver insurance policies for the defendant; that Frank Pipan and Berget negotiated for fire insurance upon the property in question, Pipan correctly informing Berget of all facts, including the fact of the plaintiff's ownership of the property and that the plaintiff desired the insurance; that Berget examined the property and informed Frank Pipan that he would deliver the policy in accordance with their understanding and agreement insuring the property of the plaintiff for $2,000; that subsequently, on April 12, 1923, in consideration of the payment of the premium by the plaintiff to the defendant, the defendant made its policy insuring the plaintiff from that day; that Berget, through error, mistakenly inserted in the policy as the insured the name of Frank Pipan instead of the plaintiff's name; that this name was inserted without any fault of the plaintiff or her agent; that upon delivery of the policy to Frank Pipan he had it folded up and informed Pipan that it was made in conformity with the oral negotiations; that neither the plaintiff nor her agent discovered the error until after the loss and fire; that the plaintiff and Frank Pipan at all times believed that the former's name was in the policy as the insured; that neither the plain-

tiff nor her husband can read or write the English language; that she was unable to ascertain the contents of the policy; that she relied upon representations made to her through her husband that the insurance was made out in her name and for her benefit. The facts concerning the loss, the fulfilment of the conditions and the failure to pay are set forth. The complaint contains the following clause by way of indicating the relief sought: "that said policy should now be reformed to conform to the intent and agreement of the parties and that it be deemed that for the purpose of this action, it be deemed, taken, construed and considered, that the plaintiff is described in the policy as the insured instead of Frank Pipan." In addition to this clause the first paragraph of the prayer for relief is "(1) That the policy of insurance be reformed to show the name of the plaintiff as insured instead of Frank Pipan, if reformation is necessary," the second paragraph being the usual prayer for a money judgment.

At the trial there was substantial evidence in support of the allegations in the complaint. This evidence, however, was disputed by the testimony of witnesses for the defendant. According to the defendant's version of the transaction, the name of Frank Pipan was intentionally inserted as owner of the property in the belief that he was such owner. The testimony in support of this version would establish that there was not a mutual mistake in issuing the policy as it was issued. The trial court took this view of the matter and decided the issue of mistake, upon which reformation would depend, in favor of the defendant. Having thus determined that the contract as evidenced by the policy was the real contract of the parties and that the plaintiff was not a party thereto and not entitled to recover thereon, a judgment of dismissal was entered. Upon this appeal the plaintiff and appellant assails the judgment of dismissal, contending that, if the facts be as testified by the plaintiff's witnesses, a valid contract of insurance was made whereby the plaintiff's property was insured, regardless of the fact that the policy was issued in the name of the plaintiff's husband. It is contended that the plaintiff may recover upon that contract of insurance, if such be proved, regardless of any mistake in issuing the policy in the name of Frank Pipan; that reformation is not essential to the plaintiff's recovery and that, consequently, the court erred in treating the matter of reformation as decisive.

Obviously, the first and main question to be determined on this appeal is, Upon what contract is the plaintiff suing? Is the action brought upon an oral contract of insurance or is it brought upon a written policy? If the complaint and the evidence adduced on behalf of the plaintiff would go to establish a valid oral contract of insurance, regardless of the action of the defendant's agent in subsequently issuing a policy describing the property as owned by the plaintiff's husband, reformation is wholly unnecessary. The plaintiff would make out a prima facie case by proof of the essential elements of such a contract. If, on the other hand, the complaint be construed as stating a cause of action upon a written contract of insurance resulting from prior negotiations which have become merged, and if the allegations setting up the circumstances in which the policy was issued show that there was a mutual mistake in the insertion of the name of the owner of the property, the action is nevertheless on the policy and the plaintiff would be entitled to recover upon proof of the mutual mistake. In the latter event, however, unless otherwise controlled by estoppel, the undisclosed principal doctrine or the rule in favor of beneficiaries, proof of a mutual mistake becomes essential in making out a case, for the reason that, unless the policy upon which the action is brought is reformed or proof warranting reformation adduced, the plaintiff could not recover on account of not being a party to the contract.

It will be noted that the complaint alleges the promise of Berget, the agent, to deliver the policy in accordance with the understanding existing between him and the plaintiff's husband, the issuance of the policy in consideration of the payment of the premium, the mistake in inserting the name of the plaintiff's husband as owner instead of her name, the representation by the agent to plaintiff's husband that the policy had been made in conformity with the oral negotiations, and the other circumstances purporting to excuse the plaintiff's failure to discover the mistake; then the complaint declares that the policy should be reformed to conform to the intent and agreement of the parties. From these allegations we think it apparent that the plaintiff is relying upon the written policy of insurance and that the action cannot be construed as one for the breach of an oral contract to insure or to issue a policy. In light of the allegations referred to, we are of the opinion that the additional clause in the prayer for relief asking for reformation

of the policy "if reformation is necessary," cannot be considered as in any way characterizing the action as being upon an oral contract. On the contrary, the fact that the plaintiff asks, conditionally, for reformation of the policy is rather an indication of reliance upon the written contract, as it alone needs reformation. While the propriety of the conditional prayer for specific relief might well have been suggested by our decision in French v. State Farmers' Mut. Hail Ins. Co. 29 N. D. 426, L.R.A.1915D, 766, 151 N. W. 7, in which it was held that an insurance contract might be reformed and recovery had thereon in the same action and that in certain circumstances evidence to prove a mistake in a written instrument is admissible in an action at law, that case furnishes little assistance in construing the pleading to determine whether the action is in reality upon an oral contract or upon a policy. If the action were upon an oral contract, there would, as above stated, be no occasion for the pleader to ask for reformation of the policy at all. Upon mature consideration we have arrived at the conclusion that the complaint must be construed as stating a cause of action upon a written policy of insurance and that, in order to enable the plaintiff to recover thereon, she has asked that it be reformed in accordance with the understanding existing at the time the negotiations were had and that she have both the specific relief and her damages adjudicated in the same action. The trial court evidently took this view of the pleading and, following the well established practice in this state (Cotton v. Butterfield, 14 N. D. 465, 105 N. W. 236), first determined the equitable issue arising upon the prayer for specific relief. The evidence upon which this issue turned was in conflict, the trial court evidently crediting the version of the defendant's agent. The plaintiff had the burden of proof. In view of the state of the record showing the trial court's superior opportunity to judge the credibility of the witnesses, we feel that we are not warranted in overturning the findings to the effect that no mutual mistake occurred in the issuance of the policy and that the defendant at no time intended to issue any policy in favor of the plaintiff. The action being upon an insurance policy upon which the plaintiff cannot recover in the absence of proof warranting reformation, the findings of the trial court are conclusive.

The case at bar is distinguished from that of French v. State Farmers Mut. Hail Ins. Co. supra, in that in the latter case the dis-

cussion pertained to the necessity for maintaining a separate suit in equity for the reformation of the policy before bringing the action to recover the insurance, and it was held that the entire relief might be sought in one civil action where the complaint alleged facts showing the plaintiff entitled to recover. In that case it further appeared that there was a mutual mistake in the description of the property and the evidence proving such mistake was undisputed. The controversy in this court was as to whether or not the policy must be reformed before bringing the action to recover the insurance and as to whether in an action "where both equitable and legal relief is sought, the equity action must be first and separately tried" (434), and not as to whether the equitable issues may properly be tried by the court and, if conclusive against the legal remedy, the action be ultimately disposed of without taking the verdict of the jury on the legal issues. There was no demand for a separate trial of the legal and equitable issues and no objection made in the trial court as to the manner of submitting the issues for trial; whereas in the case at bar, upon the request of the defendant, the court separately considered and decided the equitable issues.

The plaintiff relies upon the undisclosed principal doctrine and cites Mercer v. Germania Ins. Co. 88 Or. 410, 171 Pac. 412, where the action was brought by the wife upon an insurance policy which named her husband as the insured and in which the court stated (page 413) : "Defendant should not be permitted to escape liability on this policy on the ground that it named A. G. Mercer as the insured. An undisclosed principal may ordinarily sue on a contract made by his agent for his benefit." Reference to the opinion shows, however, that the statement was made in connection with a discussion of liability upon the ground of estoppel, the agent, according to some testimony, having represented to the plaintiff that the policy, which was in fact void, was all right. The case, moreover, will be found to support our conclusion as to its being necessary to establish facts warranting a reformation of the policy, the court saying: "The contract on which plaintiff sues is an insurance policy in favor of A. G. Mercer. It provides that the policy shall be void if the interest of the insured be other than sole and unconditional ownership of the property covered. A. G. Mercer did not own this property. It is manifest, therefore, that plaintiff cannot re-

cover on the contract as drawn, and the complaint fails to allege an estoppel of the defendant to insist on its rights under the policy."

It follows that the judgment appealed from must be affirmed. It is so ordered.

BURKE, CHRISTIANSON, and NUESSLE, JJ., and WOLFE, Dist. J., concur.

BURR, J., did not participate; Honorable CHAS. E. WOLFE, Judge of the Third Judicial District, sitting in his stead.