## ANTONIA PIPAN, Appellant, v. ÆTNA INSURANCE COMPANY, a Corporation, Respondent.

(226 N. W. 498.)

Opinion filed May 17, 1929.   Rehearing denied August 13, 1929.

*Jacobsen & Murray* and *S. P. Rigler,* for appellant.

436

Lawrence, Murphy & Nilles, for respondent.

SWENSON, Dist. J. This case has been tried three times in District Court, and this is the second appeal by plaintiff to the Supreme Court. The former appeal is reported in 55 N. D. 585, 214 N. W. 901.

The plaintiff, Antonia Pipan, brought this action originally on a complaint alleging that she was the owner of a building in the city of Towner, North Dakota, together with certain personal property consisting of blacksmith tools and material contained therein; that Frank Pipan was the husband and agent of plaintiff, and that she authorized him to insure said property for her; that Frank Pipan negotiated for fire insurance in the sum of $2,000, upon said property for her; that one, Berget, was the agent of the defendant. That afterwards, and on April 12, 1923, the defendant, by its said agent, executed and delivered to Frank Pipan a policy in the sum of $2,000; that Berget, by mistake, inserted the name of Frank Pipan in said policy instead of the name of plaintiff as the beneficiary therein; that while said policy was in force the property was destroyed by fire; that neither the plaintiff, nor her agent, Frank Pipan, discovered the error in the policy until after the loss. The complaint, in addition to a demand for a money judgment, sets forth the following prayer for relief:

"That said policy of insurance be reformed by showing the name of plaintiff as insured, instead of Frank Pipan, if reformation is necessary."

The defendant, in its answer to said complaint, denied that there was any mistake in the name of the insured in said policy, and further

denied that the plaintiff was the owner of the property covered by said policy. Issue was joined on the question of mutual mistake, and on the question of the ownership of the property.

The case was tried before a jury, and a verdict returned in favor of the plaintiff.

Defendant made a motion for judgment notwithstanding the verdict or for a new trial, and on this motion a new trial was granted.

Judge Burr, who presided at the first trial of this case in the district court, in his memorandum opinion granting the motion for a new trial, specifically found that there was no contractual relation between Antonia Pipan and the defendant; that there was no mutual mistake; that it was the intention of Frank Pipan to insure the property as his own, and not as the property of Antonia Pipan. He further found that the evidence established that Antonia Pipan was not the owner of the property covered by the policy, but that the same was owned by Frank Pipan.

Subsequently the case came on for a second trial before Judge Buttz, upon the same complaint and answer. At the close of the testimony, on motion of defendant that the case was an equitable one and for the court to decide, the judge dismissed the case upon its merits. In his findings of fact and conclusions of law the judge held that there was no contractual relation concerning any property or insurance thereon, existing between Antonia Pipan and the defendant; also, that the property involved in said action was the property of Frank Pipan, and not the property of Antonia Pipan.

An appeal was perfected by plaintiff from this decision of Judge Buttz, which decision was affirmed by this court. Pipan v. Ætna Ins. Co. 55 N. D. 585, 214 N. W. 901.

Afterwards plaintiff brought the present action in district court upon a complaint setting forth two causes of action. As a first cause of action she alleged an oral contract to insure her property; for a second cause of action plaintiff re-alleged the first six paragraphs of the first cause of action, and further alleged that the defendant, ·with full knowledge of all the facts set forth in the first cause of action, did issue the policy in the name of Frank Pipan; that said policy was, prior to the commencement of the present action, duly assigned by Frank Pipan to plaintiff.

The defendant interposed a demurrer to the complaint in the present action, on the ground that two causes of action had been improperly united; also an answer, wherein the defendant denied any contract, either oral or written, with Antonia Pipan, and which answer further alleged that the issues in this action had been determined and adjudicated in the former action, and that plaintiff, by reason thereof, is barred and estopped from maintaining the present action.

At the commencement of the trial defendant made a motion that plaintiff be compelled to elect as to which cause of action she would rely on. The defendant's demurrer and motion to elect were, at the commencement of the trial, overruled, but at the close of the testimony Judge Buttz required the plaintiff to elect as to which cause of action she would proceed under.

After protest by counsel, plaintiff elected to proceed on the first cause of action, said cause of action being upon an alleged oral contract of insurance. The case was submitted to the jury on the first cause of action, and a verdict returned in favor of plaintiff.

Afterwards defendant made a motion for judgment notwithstanding the verdict or for a new trial. On the hearing of this motion Judge Buttz made an order setting aside the verdict of the jury, and ordering judgment in favor of defendant on the merits.

From the judgment entered on this order plaintiff has perfected this appeal.

Two major questions are presented by this appeal:

1. Is plaintiff's present cause of action on the contract for insurance, barred by virtue of res adjudicata, by reason of the prior action and judgment adverse to her?

2. Did the court err in requiring plaintiff to elect as to which cause of action she would go to the jury on?

The first and second trials of this case were based on the same complaint and answer. The main issues were, viz.: first, in the negotiations between Frank Pipan and defendant's agent, was a policy of insurance issued in behalf of plaintiff; second, who was the owner of the property in question, the plaintiff or Frank Pipan, her husband? These issues were decided against plaintiff by both Judge Burr and Judge Buttz.

In his memorandum opinion, filed at the time of granting defend-

ant's motion for judgment notwithstanding the verdict, Judge Buttz said:

"I am of the opinion that all of the property in question was the property of Frank Pipan, and not that of his wife. . . . I am further convinced that if Mrs. Pipan ever had any interest in this property it was simply as security and not otherwise. . . . I am of the same opinion as Judge Burr was when he wrote his memorandum decision, filed in this court on a motion for a new trial or for judgment notwithstanding the verdict, that is that there were no contractual relations between these parties; that there was no mutual mistake, and there being no mistake there could be no reformation."

In his findings of fact and conclusions of law Judge Buttz found, among other facts, as follows:

"That no contract or policy of insurance was executed by the defendant company to or in favor of Antonia Pipan, the plaintiff, and that no contractual relations concerning any property or the insurance thereof, existed between the plaintiff, Antonia Pipan, and the defendant. . . . That the property involved in this action, was the property of Frank Pipan, and not the property of the plaintiff, Antonia Pipan, and the instruments purporting to show conveyance of such property from said Frank Pipan to Antonia Pipan, were, if anything, intended as security and not as absolute transfers."

Upon these findings of fact judgment was entered dismissing said action with prejudice.

The complaint in the present action is not materially different from the complaint in the original action except as to the legal theory upon which plaintiff seeks to recover. Plaintiff sets up practically the same facts upon which to recover as are set out in the original action. The main issues are the same.

It is well settled that a valid judgment upon a question directly involved in a suit is conclusive as to that question in any other suit between the same parties. Even though the second action is upon a different cause of action, but between the same parties as the first, the judgment in the former action operates as an estoppel in the latter as to every point in question which was actually litigated and determined in the first action. Reko v. Moore, 44 N. D. 644, 176 N. W. 115; Knight v. Harrison, 43 N. D. 76, 174 N. W. 632; Kallberg v.

Newberry, 43 N. D. 521, 170 N. W. 113; Cromwell v. Sac County, 94 U. S. 351, 24 L. ed. 195; Watson v. Richardson, 110 Iowa, 698, 80 Am. St. Rep. 331, 80 N. W. 416; Kinzel v. Boston & D. Farm Land Co. 124 Minn. 416, 145 N. W. 124; Triska v. Miller, 86 Neb. 503, 125 N. W. 1070; Sullivan v. Miller, 106 N. Y. 635, 13 N. E. 772; Gerbig v. Bell, 143 Wis. 157, 126 N. W. 871; Moore v. Williams, 132 Ill. 589, 22 Am. St. Rep. 563, 24 N. E. 619; 34 C. J. 902. An examination of the judgment roll in the former action between those parties shows conclusively that the question as to the ownership of the property, as well as the question whether there was any contractual relations between the plaintiff and the defendant, were two of the main issues involved in the former action, and that the court expressly found against the plaintiff on both of these issues. It follows that the findings in the former action and the judgment entered thereon operate as an estoppel against the plaintiff in the present action.

The question of contractual relationship, and the question of ownership of the property insured, having been conclusively determined against plaintiff in the former action, she is barred from recovering on the first cause of action in the present case.

Did the lower court err in compelling plaintiff to elect at the close of the testimony as to which of the two causes of action she would submit to the jury?

The two causes of action set forth in plaintiff's complaint are founded upon the same transaction. Instead of being a statement of two separate causes of action, it is a statement of a single cause of action in different forms. There is but one primary right involved,—the right to recover on an alleged single contract of insurance. The two causes of action are based upon the same facts, and are obviously inconsistent. Both cannot be true.

Pomeroy, in his work on Code Remedies, gives the following as to a statement of the same cause of action in different counts:

"The rule is undoubtedly settled, that, under all ordinary circumstances, the plaintiff who has but one cause of action will not be suffered to spread it upon the record in different shapes and modes, as though he possessed two or more distinct demands; and when he does so without special or sufficient reason, he will be compelled, either by a motion before the trial or by application and direction at the trial,

to select one of these counts and abandon the others." Pom. Code Rem. 5th ed. § 467. This rule is supported by the greater weight of authority; Hause v. Hause, 29 Minn. 252, 13 N. W. 43; Matson v. Dane County, 172 Wis. 522, 179 N. W. 774; Pollock v. Whipple, 45 Neb. 844, 64 N. W. 210; Sweet v. Ingerson, 12 How. Pr. 331; Coleman v. St. Paul & T. Lumber Co. 110 Wash. 259, 188 Pac. 532; Reed v. Poindexter, 16 Mont. 294, 40 Pac. 596; Timmerman v. Stanley, 123 Ga. 850, 1 L.R.A.(N.S.) 379, 51 S. E. 760; Murphy v. Russell, 8 Idaho, 133, 67 Pac. 421.

The judgment appealed from is affirmed.

BURKE, Ch. J., and NUESSLE, BIRDZELL, and CHRISTIANSON, JJ., concur.

Mr. Justice BURR, being disqualified, did not participate, Honorable P. G. SWENSON, Judge of the First Judicial District, sitting in his stead.